**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JASON WIGGINS. | |
| *Plaintiff*, | |
| v. | Civil Action No. 25-3399 |
| DISTRICT OF COLUMBIA, | |
| and | |
| ANTONIO WATSON, | |
| and | |
| T. L. WILLIAMS, | |
| *Defendants.* | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant District of Columbia (the District)[1] removes the above-captioned case, *Jason Wiggins v. District of Columbia, et al.*, Case No. 2025-CAB-005508, from the Superior Court of the District of Columbia to this Court under 28 U.S.C. § 1441, *et seq.* because Plaintiff's Complaint raises several federal questions best suited for the District Court's resolution. The District submits the following in support:

Plaintiff filed an eight-count Complaint in Superior Court on August 19, 2025, alleging both common law and constitutional claims against Defendants, arising out of Plaintiff's alleged unlawful arrest. *See generally* Pl.'s Compl. (**Exhibit A**). Plaintiff alleges that on October 30,

---

[1]    This Notice is presented on behalf of this defendant only.  Undersigned counsel does not currently represent either individual defendant in this matter and no affidavit of service has been filed indicating that either individual defendant has been served.

2024, Metropolitan Police Department (MPD) officers responded to a call for service at Hayes Street NE, Washington, D.C. Plaintiff alleges he was subject to an unlawful arrest and malicious prosecution due to false statements and a biased investigation by members of MPD. *See* Pl.'s Compl. at Ex. 5. Plaintiff presents the following claims: Malicious Prosecution (against the District and Watson, Count I); False Arrest and False Imprisonment (all Defendants, Count II); Intentional Infliction of Emotional Distress (all defendants, Count III); Negligence or in the alternative Gross Negligence (all defendants, Count IV); Violation of Fourth Amendment under 42 U.S.C. § 1983 (all defendants, Count V); Defamation – False Accusation (Watson and Williams, Count VI); Libel (Watson, Count VII); Municipal Liability (*Monell* Claim under 42 U.S.C. § 1983) (the District, Count VIII). *See generally* Pl.'s Compl.

Removal of Plaintiff's case is sought under 28 U.S.C. §§ 1331, 1441, and 1446. *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution . . . of the United States"). Plaintiff identifies two claims—Counts V and VIII—as arising under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *See* Pl.'s Compl. ¶¶ 2, 144–155, 182–198. Plaintiff alleges constitutional claims against made actionable under 42 U.S.C. § 1983, a federal law. *See id*. *See also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("In *Monell* . . . we decided that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original)).

The Court exercises jurisdiction of the six District common law claims under 28 U.S.C. §§ 1367 and 1441. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy . . . .”). Plaintiff's constitutional and common law claims all arise out of Plaintiff's alleged unlawful arrest. *See generally* Pl.'s Compl.

The District's Notice is timely presented to this Court under 28 U.S.C. § 1446(b), which requires an action be removed within 30 days of receipt by the defendant of a complaint or of service, whichever period is shorter. The District was served no earlier than August 25, 2025. Plaintiff has not filed any proof of service documents on the Superior Court docket (a printout is enclosed as **Exhibit B**). A copy of all other documents from the Superior Court is attached as **Exhibit C**. This Notice is timely filed pursuant to 28 U.S.C. § 1446 because the removal is sought not more than 30 days after the District was served or otherwise made aware of this action against them. There is no showing that either individual defendant has been personally served with a copy of Plaintiff's Complaint. *See* Ct. Dkt.

For the foregoing reasons, the District requests this action be accepted for removal to the U.S. District Court for the District of Columbia.

Date: September 24, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ George Eppsteiner*
GEORGE EPPSTEINER [90036366]
Chief, Section I
Civil Litigation Division

*/s/ Jessica Krupke*
JESSICA KRUPKE [1019967]
PATRICK DUPREY [90030521]
Assistant Attorneys General
Civil Litigation Division, Section I
400 6th Street, NW

3

Washington, D.C. 20001
(202) 805-7562
(202) 957-2861
jessica.krupke@dc.gov
patrick.duprey@dc.gov

**_Counsel for Defendant District of Columbia_**

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on September 24, 2025, a copy of the foregoing Notice of Removal

was electronically filed. I further certify that a copy of this Notice of Removal was served on

Plaintiff's Counsel by electronic mail and electronic filing to:

Dr. Tonya Harris
Dr. Tonya Harris Law & Educational Consulting, PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
tonya@drharrislaw.com

_/s/ Jessica Krupke_
JESSICA KRUPKE
Assistant Attorney General

4